# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Fred Blueeyes Jr IV** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR00247-002JB**<br>USM Number: **48950-051**<br>Defense Attorney: **Daniel Tallon, Appointed** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **Indictment**
☐  pleaded nolo contendere to count(s)
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 2111 | Robbery; Crime in Indian Country, 18 U.S.C. Sec. 1153 | 12/27/2009 | |

The defendant is sentenced as specified in pages 2 through **6** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☐  Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| **San Juan** | **July 8, 2010** |
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning**<br>**United States District Judge** |
| | Name and Title of Judge |
| | |
| | **September 1, 2010** |
| | Date Signed |

Defendant: **Fred Blueeyes Jr IV**
Case Number: **1:10CR00247-002JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **41 months**.

**The Court incorporates by reference its Memorandum Opinion and Order in United States v. Blueeyes, CR 10-0247 (D.N.M.), filed August 31, 2010 (Doc. 54). Blueeyes` offense level is 23 and his criminal history category is I, establishing a guideline imprisonment range of 46 to 57 months. Blueeyes requests a variance to a sentence of 24 months. The Court has carefully considered the guidelines, but in arriving at its sentence, has taken account not only of the guidelines, but also has considered other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the sentencings of the other individuals in this case as well as the circumstances of Blueeyes` involvement in the robbery, the Court believes the punishment in the guidelines is not appropriate for this offense.**

**The Court has reviewed the circumstances of the robbery and believes that the incident would not have occurred without the instigation of co-Defendant Irwin Joe Yellowtail. Yellowtail is considerably older than Blueeyes and the two juveniles who also participated in the crime, and the Court believes he exercised strong influence over the other three. The Court does not think that Blueeyes would have walked into the 7-2-11 store with a handgun and robbed the store without Yellowtail. Thus, the Court believes some distinction in the severity of sentencing needs to be drawn. On the other hand, armed robbery is an extremely serious crime, and Blueeyes committed the crime as an adult. A comparison between the juveniles` punishments and the sentence Blueeyes should receive is not appropriate. The more appropriate comparison is to Yellowtail, and while the Court believes that there should be a distinction between the two Defendants` sentences, the distinction should be slight. During the course of the robbery, the handgun ended up in Blueeyes` hands, and he made the conscious choice to train that handgun on the store clerk and participate in the robbery.**

**Whether alcohol, drugs, or peer pressure drove Blueeyes to participate, the end result is that he participated in a violent act that terrified the store clerk that they robbed. So, while the Court believes some variance is appropriate to distinguish Blueeyes` actions from Yellowtail`s actions, the Court does not consider Blueeyes to have been substantially less culpable than Yellowtail, and thus the Court will sentence Blueeyes consistent with an offense level of 22 instead of 23. An offense level of 22 with a criminal history category of I provides a guideline range of 41 to 51 months. The Court believes a sentence of 41 months continues to reflect the seriousness of the offense and promotes respect for the law. The Court does not believe a sentence as low as 24 months would emphasize the seriousness of the crime and the harm to the store clerk -- she no longer works at the 7-2-11 because of the robbery and suffers from anxiety and nightmares. The sentence provides a more just punishment than a low-end guideline sentence of 46 months without mitigating the seriousness of Blueeyes` offense. The Court believes the sentence is still long enough to provide adequate deterrence for Blueeyes as well as to the general public. The sentence also protects the public, because the Court believes it is unlikely Blueeyes will commit a similar crime without Yellowtail`s encouragement, and otherwise fully reflects each of the factors set forth in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- this sentence is more reasonable than one within the guidelines. Finally, the Court believes a sentence of 41 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.**

☒    The court makes these recommendations to the Bureau of Prisons:

    **Florence Federal Correctional Institution, Florence, Colorado, if eligible**
    **The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant must surrender to the United States Marshal for this district:
    ☐    at   on
    ☐    as notified by the United States Marshal.
☐    The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☐ as notified by the United States Marshal
☐ as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Defendant: **Fred Blueeyes Jr IV**
Case Number: **1:10CR00247-002JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Fred Blueeyes Jr IV**
Case Number: **1:10CR00247-002JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal substances or weapons at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant shall have no contact with the co-defendant`s in this case, with exception to his brother, Vyson B.**

Defendant: **Fred Blueeyes Jr IV**
Case Number: **1:10CR00247-002JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $309.50 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Court finds the Mandatory Victim Restitution Act is applicable in this case. Due to the equal culpability between the Defendant and his three co-Defendants/co-Conspirators, the Defendant will pay one fourth of the $1,238.00 owed to both victims in this case, for a total amount of $309.50. The Defendant will begin making restitution payments within 60 days of the date of the sentencing and shall pay no less than $50 per month towards restitution.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.